'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA K. WILLIAMS, | CV 21-08697-RSWL-RAOx |
| Plaintiff, | |
| v. | **ORDER re: Defendant's** |
| | **Motion to Dismiss** [21] |
| ROBERT L. SANTOS, in his official capacity as Director of the U.S. Census Bureau, | |
| Defendant. | |

Plaintiff Ariana K. Williams ("Plaintiff") brings this Action against Defendant Robert L. Santos ("Defendant"), in his capacity as Director of the United States Census Bureau ("USCB"), alleging discrimination, harassment, and retaliation under the Rehabilitation Act.  Currently before the Court is Defendant's Motion to Dismiss [21] for failure to state a claim ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion **with leave to amend.**

1

1              I.   BACKGROUND

2  **A.   Factual Background**

3      The Complaint alleges the following:

4      Plaintiff suffers from disabilities including post-

5  traumatic stress disorder, chronic inflammatory response

6  syndrome, and tenosynovitis.  First Am. Compl. ("FAC")

7  ¶ 17, ECF No. 20.  Plaintiff was hired as an

8  administrative clerk by USCB on February 4, 2020.  Id.

9  ¶ 14.  On her first day of employment, Plaintiff

10 requested an accommodation for an earpiece from her

11 supervisor.  Id. ¶ 20.  Her request was denied, and

12 Plaintiff was informed that all coworkers had to share

13 earpieces.  Id.  Plaintiff also required sufficient air

14 circulation throughout the office, but USCB failed to

15 maintain sufficient ventilation.  Id. ¶¶ 21-26.

16 Plaintiff was also harassed by one of her supervisors

17 throughout February and March 2020.  Id. ¶¶ 32-38.

18     On March 17, 2020, Plaintiff received a doctor's

19 note that ordered her off work through April 17, 2020,

20 due to her breathing condition.  Id. ¶ 27.  On May 4,

21 2020, Plaintiff's doctor provided Plaintiff with a new

22 off-work order through September 16, 2020.  Id. ¶ 29.

23 On June 22, 2020, Plaintiff emailed her supervisor

24 regarding her request for employment verification for

25 state disability insurance but received no response.

26 Id. ¶ 30.  On June 23, 2020, Plaintiff learned she had

27 been terminated on May 26, 2020, while she was on

28 disability leave.  Id. ¶¶ 31, 40.  The reason for

1  Plaintiff's termination was her disabilities, her
2  requests for accommodation, and her complaints about the
3  harassment she experienced.  Id. ¶ 41.

4      After learning of her termination and believing it
5  to be in error, Plaintiff called USCB and was routed to
6  the regional office.  Id. ¶ 6.  The regional office
7  informed her that it could not release any information
8  to her because she was not an active employee.  Id.  The
9  office therefore failed to explain why she was
10 terminated and also failed to inform her that she should
11 call the EEO office if she believed her termination was
12 wrongful.  Id.

13     After realizing that USCB's regional office would
14 not provide her with adequate information, but within
15 the 45-day requisite notice period, Plaintiff attempted
16 to contact the office for the Equal Employment
17 Opportunity Commission ("EEOC").  Id. ¶ 7.  Apparently
18 the EEO office phone number was not being answered due
19 to the COVID-19 pandemic.  Id.  No one from the EEO
20 office ever followed up with Plaintiff despite her
21 numerous attempts to contact them.  Id.  Plaintiff filed
22 a formal complaint of employment discrimination against
23 the Department of Commerce on January 22, 2021, which
24 was dismissed on August 9, 2021.  Id. ¶ 8.

25 **B.  Procedural Background**

26     Plaintiff filed her Complaint [1] on November 3,
27 2021.  Plaintiff then filed her First Amended Complaint
28 ("FAC") [20] on April 4, 2022.  Defendant filed the

1    instant Motion [21] on April 18, 2022.  Plaintiff filed
2    its Opposition [23] three days after the deadline to
3    oppose on May 6, 2022.  Defendant replied [27] on May
4    10, 2022.

**II.  DISCUSSION**

**A.  Legal Standard**

7         Rule 12(b)(6) of the Federal Rules of Civil
8    Procedure allows a party to move for dismissal of one or
9    more claims if the pleading fails to state a claim upon
10   which relief can be granted.  A complaint must "contain
11   sufficient factual matter, accepted as true, to state a
12   claim to relief that is plausible on its face."
13   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation
14   omitted).  Dismissal is warranted for a "lack of a
15   cognizable legal theory or the absence of sufficient
16   facts alleged under a cognizable legal theory."
17   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
18   (9th Cir. 1988) (citation omitted).

19        In ruling on a 12(b)(6) motion, a court may
20   generally consider only allegations contained in the
21   pleadings, exhibits attached to the complaint, and
22   matters properly subject to judicial notice.  Swartz v.
23   KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court
24   must presume all factual allegations of the complaint to
25   be true and draw all reasonable inferences in favor of
26   the non-moving party.  Klarfeld v. United States, 944
27   F.2d 583, 585 (9th Cir. 1991).  However, the court need
28   not accept as true allegations that contradict matters

4

1   properly subject to judicial notice.  Sprewell v. Golden
2   State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
3   While a complaint need not contain detailed factual
4   allegations, a plaintiff must provide more than "labels
5   and conclusions" or "a formulaic recitation of the
6   elements of a cause of action."  Bell Atl. Corp. v.
7   Twombly, 550 U.S. 544, 555 (2007).
8   **B.   Analysis**
9        1.   Request for Judicial Notice
10       "A court may judicially notice a fact that is not
11   subject to reasonable dispute because it . . . can be
12   accurately and readily determined from sources whose
13   accuracy cannot reasonably be questioned."  Fed. R.
14   Evid. 201.  Accordingly, a court may judicially notice
15   matters of public record.  Lee v. City of Los Angeles,
16   250 F.3d 668, 688-90 (9th Cir. 2001).  In ruling on a
17   motion to dismiss, a court may also consider documents
18   that a plaintiff's complaint necessarily relies on if
19   the authenticity of the document is uncontested.  Id. at
20   688.
21       Defendant requests that the Court take judicial
22   notice of the Final Agency Decision from Plaintiff's EEO
23   proceeding.  See Def.'s Req. for Judicial Notice in
24   Supp. of Mot. to Dismiss, ECF No. 21-1; Halliday Decl.
25   Ex. 1 ("Final Agency Decision"), ECF No. 21-2.
26   Plaintiff necessarily relies on this document in the FAC
27   to show that she exhausted her administrative remedies
28   through the EEO process.  See FAC ¶ 8.  Further,

Plaintiff does not contest that the document Defendant submitted is in fact the Final Agency Decision from Plaintiff's EEO case.  The Court therefore **GRANTS** Defendant's request.  See Hamm v. Nielson, No. CV 18-5702 PSG (JPRx), 2019 WL 3000656, at *3 (C.D. Cal. Mar. 29, 2019) (taking judicial notice of administrative EEO proceedings); Lacayo v. Donahoe, No. 14-cv-4077-JSC, 2015 WL 993448, at *10 (N.D. Cal. Mar. 4, 2015) (same).

  2. The Motion

 "In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies." Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003).  A federal employee seeking to bring a claim for disability discrimination must therefore participate in the EEOC's counselling process prior to filing a complaint.  29 C.F.R. § 1614.105(a).  The aggrieved person must initiate contact with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Id. § 1614.105(a)(1). The Ninth Circuit has held that "[f]ailure to comply with this regulation is fatal to a federal employee's discrimination claim." Cherosky, 330 F.3d at 1245 (internal quotation marks and citation omitted).

 It is clear that Plaintiff did not initiate contact with an EEO counselor within 45 days of her termination. Plaintiff was terminated on May 26, 2020, see FAC ¶ 40,

and Plaintiff does not dispute that she did not successfully initiate contact with an EEO counselor until December 17, 2020, see Final Agency Decision at 3; Pl.'s Opp'n to Mot. to Dismiss ("Opp'n") 5:3-4, ECF No. 23.  Plaintiff alleges that she was not made aware of her termination until June 23, 2020.  FAC ¶ 31.  Even if the 45-day period did not begin to run until June 23, 2020, however, there was a nearly six-month delay between Plaintiff's discovery of her termination and her initial EEO contact.  Plaintiff therefore failed to timely exhaust her administrative remedies under § 1614.105(a).  Nevertheless, Plaintiff argues that her claims are not time-barred for two reasons.  See generally Opp'n.[1]  The Court will address each argument in turn.

> a.  Whether Plaintiff's Calls to USCB Constitute "Initial Contact" with an EEO Counsellor

First, Plaintiff argues that her calls to USCB's regional office to complain about her wrongful termination constitute "initiating contact" with an EEO counselor under § 1614.105(a).  Opp'n 7:18-24.  Contact with an agency official who is not EEO personnel may be

---

[1] Plaintiff's Opposition was filed only 18 days before the hearing date on the Motion and is therefore untimely.  See C.D. Cal. L.R. 7-9 (requiring opposing papers to be filed not later than 21 days before the date designated for the hearing on the motion).  However, in the interests of justice and in the absence of any evidence of undue prejudice to Defendant, the Court will consider the Opposition papers.  See Uche-Uwakwe v. Shinseki, 972 F. Supp. 2d 1159, 1163 n.4 (C.D. Cal. 2013).

sufficient to satisfy the regulation's initial contact requirement, so long as the official is "logically connected to the EEO process" within the agency and the complainant exhibits "an intent to begin the EEO process." See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1044-45 (9th Cir. 2009).

Here, however, the FAC fails to allege that Plaintiff spoke with any USCB official that was logically connected to the EEO process.  It merely states that her calls were routed to USCB's regional office and that she was informed that her termination information could not be released to her because she was no longer an active employee.  See FAC ¶ 6.  The FAC also fails to state that Plaintiff placed these calls with the intent of initiating the EEO process. Plaintiff initially contacted USCB to verify her employment for the purpose of obtaining state disability insurance.  Id. ¶¶ 5, 30.  Plaintiff alleged that she called USCB again, but it is unclear from the FAC whether this call was for the purpose of initiating the EEO process or merely to obtain more information about the termination decision.  Id. ¶ 6.

Even if Plaintiff's second call to USCB were sufficient to constitute initial contact with an EEO counselor, the FAC fails to allege when Plaintiff made this call.  Thus, it is unclear whether Plaintiff attempted to contact USCB within 45 days of her

1   termination or her discovery of the termination

2   decision.  In sum, Plaintiff's allegations regarding her

3   attempts to contact USCB fail to satisfy the exhaustion

4   requirements of § 1614.105(a).

5           b.   Whether Plaintiff's Claims Should Be

6                Equitably Tolled

7       Second, the Court considers whether Plaintiff's

8   claims should be equitably tolled.  The exhaustion

9   requirement under § 1614.105 "is subject to waiver,

10  equitable estoppel, and equitable tolling." Leong v.

11  Potter, 347 F.3d 1117, 1122 (9th Cir. 2003).  "Equitable

12  tolling applies when the plaintiff is prevented from

13  asserting a claim by wrongful conduct on the part of the

14  defendant, or when extraordinary circumstances beyond

15  the plaintiff's control made it impossible to file a

16  claim on time."  Stoll v. Runyon, 165 F.3d 1238, 1242

17  (9th Cir. 1999) (citation omitted).

18      Plaintiff argues that her claims should be

19  considered timely because "she did everything she could

20  to initiate the claims on time."  Opp'n 7:5-6.  However,

21  the FAC's allegations regarding Plaintiff's exhaustion

22  efforts "are too vague to render it plausible that

23  [Plaintiff] satisfied the requirements of the EEOC."

24  Hamm, 2019 WL 3000656, at *5.  Plaintiff alleges that

25  she attempted to contact the EEO office by phone within

26  the requisite 45-day notice period, but that the number

27  apparently was not being answered because of the state-

28  wide lock down.  FAC ¶ 7.  However, Plaintiff fails to

1    allege how she learned that the phone number was not
2    being answered due to the pandemic.  She also fails to
3    allege any additional attempts she made to contact the
4    EEO office, such as by leaving a message with a call-
5    back number or by attempting other means of
6    communication.

7         While the COVID-19 pandemic may have presented
8    "extraordinary circumstances beyond Plaintiff's
9    control," without additional facts, Plaintiff fails to
10   allege that these circumstances "made it impossible" to
11   initiate EEO contact within the 45-day period.  See
12   Stoll, 165 F.3d at 1242; see also Hamm, 2019 WL 3000656,
13   at *5 (finding that plaintiff failed to allege
14   compliance with exhaustion requirements by not
15   explaining "exactly what [p]laintiff did" to initiate
16   EEO contact and what led plaintiff to believe he had
17   fulfilled his exhaustion duties).  In sum, Plaintiff's
18   allegations about her attempts to contact the EEO office
19   do not rise to the level of warranting equitable
20   tolling.

21        Plaintiff also argues that her claims should be
22   equitably tolled because "Defendant cannot make itself
23   unavailable and then claim that Plaintiff failed to
24   reach it."  Opp'n 8:11-12.  However, the FAC does not
25   allege any wrongful conduct on the part of Defendant to
26   prevent Plaintiff from initiating contact with an EEO
27   counselor in a timely fashion.  At most, USCB failed to
28   direct Plaintiff to the EEO office.  This is

insufficient to entitle Plaintiff to equitable relief,
and in any event did not prevent Plaintiff from
discovering the 45-day requirement.  See Guerro v.
Gates, 442 F.3d 697, 706 (9th Cir. 2006) (stating that
equitable relief from timing requirements requires
"active conduct by a defendant, above and beyond the
wrongdoing upon which the plaintiff's claim is filed, to
prevent the plaintiff from suing in time").  The FAC
thus fails to allege that Plaintiff is entitled to
equitable relief from the 45-day requirement based on
Defendant's conduct.

In short, Plaintiff has failed to allege that it
initiated contact with an EEO counselor within 45 days
of her termination.  The FAC also fails to allege that
Plaintiff is entitled to equitable tolling of the timing
requirements set forth under § 1614.105.  The Court
therefore **GRANTS** Plaintiff's Motion.

3.  Leave to Amend

"The court should give leave [to amend] freely when
justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Rule
15's policy of favoring amendments to pleadings should
be applied with extreme liberality."  United States v.
Webb, 655 F.2d 977, 979 (9th Cir. 1981).  "Leave to
amend should be granted 'if it appears at all possible
that the plaintiff can correct the defect.'"  Balistreri
v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir.
1988) (quoting Breier v. Northern California Bowling
Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963)).

1    It is possible that Plaintiff can cure the defects

2  of the FAC by alleging facts regarding the date she

3  began attempting to contact the EEO office and the

4  details of her various efforts to contact the office

5  within the requisite 45-day period.  Plaintiff states

6  that she "can readily cure any problems with the

7  complaint by pleading additional facts."  Opp'n 10:4-5.

8  The Court therefore grants Plaintiff leave to amend.

9                    **III.   CONCLUSION**

10    Based on the foregoing, the Court **GRANTS**

11  Defendant's Motion **with leave to amend.**  Plaintiff shall

12  file an amended complaint by no later than **July 15,**

13  **2022,** further explaining her efforts to initiate contact

14  with the EEO office.

15    **IT IS SO ORDERED.**

16

17  DATED: June 15, 2022          /s/ Ronald S.W. Lew

18                              **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge

19

20

21

22

23

24

25

26

27

28